# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LINA MARIA VALLEJO GARCIA,

      Petitioner,

    v.

WARDEN OF GEO GROUP, INC., et al.,

      Respondents.

Case No. 5:25-cv-03578-CV-SK

**ORDER GRANTING HABEAS PETITION**

The factual and procedural history of this case has been detailed before in the Court's January 8, 2026 order granting Petitioner's emergency motion for temporary restraining order.  (ECF 10).  So the background here can be condensed.  Petitioner is a citizen of Colombia who fled the country in May 2022 after receiving threats from FARC dissidents.  (*Id*. at 2).  In July 2022, Petitioner and her family presented at the border where they were detained by Border Patrol agents.  (*Id*.).  Shortly after, Petitioner was granted interim parole and released with reporting requirements.  (ECF 7-1 at 2).  Nearly three years later, in December 2025, when Petitioner reported to the San Jose Immigration Office as required by her parole conditions, she was re-detained by Immigration and Customs Enforcement (ICE).  (ECF 10 at 2).

As a result, Petitioner filed a counseled habeas petition under 28 U.S.C. § 2241—accompanied by an emergency motion for temporary restraining order (TRO) and request for preliminary injunction—alleging that her re-detention violated both the Fifth Amendment and 8 U.S.C. § 1226(a).  (ECF 1 at 24-25; ECF 2).  On January 8, this Court granted Petitioner's TRO motion and ordered Respondents to provide an

individualized bond hearing under § 1226(a).  (ECF 10).  Petitioner received that hearing seven days later, but she was ordered detained by the immigration judge based on a finding of flight risk.  (ECF 12-1 at 2).  Still, based on the provision of that bond hearing, the Court denied Petitioner's request for a preliminary injunction seeking that same relief as moot.  (ECF 14 at 4).

At the same time, the Court explained the "[p]etition as a whole [was] not necessarily moot," as Respondents had argued, and referred the case to the assigned magistrate judge for further proceedings.  (*Id.*).  Since then, the parties have fully briefed the petition.  (ECF 22-24).  And after being heard on the petition at a status conference, the parties filed a stipulation for a second bond hearing with additional procedural safeguards.  (ECF 26).  In light of that stipulation, the Court finds that no further proceedings are needed and the petition is ready for disposition.

Therefore, according to the terms stipulated by the parties, the Court GRANTS the petition under 28 U.S.C. § 2241.  Respondents are ORDERED to release Petitioner from ICE custody, unless within 7 days of this order she is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) that includes all the procedural safeguards agreed to by the parties.  As further stipulated by the parties, they must file a joint status report informing the Court of Petitioner's release or Respondents' compliance with this conditional writ according to the parties' stipulation.  Judgment on the petition will be entered accordingly.

IT IS SO ORDERED.

DATED:  ___4/27/26___

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
United States District Judge